UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON, TEXAS

| | |
|---|---|
| DCA DESIGN, LLC D/B/A DESIGN DCA, <br><br> *Plaintiff,* <br><br> v. <br><br> BELLAVIDA CUSTOM HOMES, LLC D/B/A BELLA VIDA CUSTOM HOMES, et al., <br><br> *Defendants*. | § § § § § § § § § § § § § § § <br><br> Case No. 4:17-cv-03314 |

**DEFENDANT ABDEL-LATIF'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR REINSTATEMENT [D.E. 128]**

**COMES NOW** Defendant Ibrahim Abdel-Latif (hereinafter "Defendant Abdel-Latif") and files this Response in Opposition to Plaintiff DCA Design, LLC D/B/A/ Design DCA's (hereinafter "Plaintiff") Motion for Reinstatement or, Alternatively, for the Enforcement of the Settlement [D.E. 128] (hereinafter "Motion") and would show as follows:

### I.   SUMMARY OF ARGUMENT

1. On or around October 31, 2017, the Plaintiff filed a copyright infringement action against the defendants in this action.

2. The parties later engaged in settlement negotiations and came to a mutual understanding as to the terms for a settlement.

1

3. As a result, on February 20, 2019, the Honorable Court entered an Order of Dismissal of the underlying action. *See* D.E. 127 (the "Order of Dismissal").

4. The parties thereafter entered into a binding and enforceable settlement agreement (the "Settlement Agreement"). *See* Exhibit B of the Motion ("On April 2, 2019, the parties entered into a settlement agreement.").

5. Now, although the Plaintiff does not allege that Defendant Abdel-Latif breached the Settlement Agreement, the Plaintiff prays that the Court reinstate the lawsuit against all defendants, including Defendant Abdel-Latif, and even seeks to add a breach of contract action.

6. However, pursuant to the Order of Dismissal, the action was "dismissed on the merits without prejudice ***to the right*** of counsel of record to move reinstatement within ninety (90) days ***upon presentation of adequate proof that final approval of the settlement could be obtained from the respective principals for whom counsel act.***" *See* D.E. 127 (emphasis added).

7. Pursuant to the Order of Dismissal all claims from the underlying action were dismissed and the only option provided for the Plaintiff to reinstate the same claims again (i.e. without prejudice) were if the Plaintiff's counsel of record moved for reinstatement in accordance with the Order of Dismissal. However, it is undisputed that all parties provided their approval of and executed the Settlement

Agreement, thus "final approval of the settlement was obtained from all principals."

8. Accordingly, the Plaintiff's claims have been dismissed with prejudice, as the only exception has not and cannot be met.

9. Nonetheless, the Plaintiff's still move for reinstatement in addition to a new claim for breach of contract, which is related to the Settlement Agreement itself. The Settlement Agreement was freely and voluntarily negotiated and executed by the Plaintiff. If there are any issues arising from it, particularly a breach of contract claim, then that is a matter for state court and entirely separate from the underlying copyright infringement action.

## II. BACKGROUND

10. On or around October 31, 2017, the Plaintiff filed a copyright infringement action against the following parties, (collectively "Defendants"):

    a. Bella Vida Custom Homes, LLC D/B/A Bella Vida Custom Homes;

    b. Homero Rodriguez;

    c. Wiseman Builders LLC;

    d. Rob Wiseman, (collectively with Wiseman Builders LLC, "Wiseman Defendants"); and

    e. Ibrahim Abdel-Latif.

11. The Defendants in this action are all citizens of the State of Texas.

12. On or around February 20, 2019, the Honorable Court decreed as follows:

> "ORDERED that this cause be, and is hereby, dismissed on the merits without prejudice to the right of counsel of record to move for reinstatement within ninety… (90) days **upon presentation of adequate proof that final approval of the settlement could not be obtained from the respective principals** for whom counsel act." *See* D.E. 127 (emphasis added).

13. The language in the Honorable Court's Order clearly distinguishes only one scenario in which the Plaintiff may move for reinstatement (within 90 days). That relevant language being "upon presentation of adequate proof that final approval of the settlement could not be obtained from the respective principals."

14. The final approval of the settlement was in fact obtained from the respective principals. All parties in this suit (i.e. principals) provided their final approval and personally executed a copy of the Settlement Agreement. *See* Exhibit B of the Motion.

15. On May 20, 2019, the Plaintiff filed its Motion for Reinstatement or, Alternatively, for the Enforcement of the Establishment Agreement (the "Motion"). *See* D.E. 128.

16. In the Motion, the Plaintiff has judicially admitted that the Settlement Agreement required "full payment **by Bellavida and Wiseman** [i.e. not Defendant Abdel-Latif] by April 12, 2019." *See* D.E. 128, Pg. 2 ¶ 1 (emphasis added).

17. The Plaintiff alleges "**Wiseman** [i.e. not Defendant Abdel-Latif] breached the contract when it failed to make a settlement payment by April 12, 2019." *Id*.

4

(emphasis added). No allegations have been made asserting that Defendant Abdel-Latif has breached the Settlement Agreement.

18. However, the Plaintiff failed to present "adequate proof that final approval of the settlement could not be obtained from the respective principals for whom counsel act" as required by the Court's Order. *Compare* D.E. 127 & 128.

19. The Order does not allow for reinstatement in the event final *compliance* of the settlement was not obtained from the "principals" but rather ***only*** if final *approval* was not obtained.

20. Nonetheless, the Plaintiff now seeks to reinstate the copyright action against Defendant Abdel-Latif and the other Defendants while at the same time asserting that the Settlement Agreement (i.e. an agreement "approved" by all principals) is valid and enforceable.

### III.   ISSUES PRESENTED

21. First, should the Motion for Reinstatement be granted even though the Honorable Court's Order of Dismissal explicitly requires a presentation of adequate proof that final approval of the settlement could not be obtained?

22. Third, is the Plaintiff's freestanding breach of the Settlement Agreement issue better suited for a state court with subject matter jurisdiction over contract claims?

### IV.   LAW AND ARGUMENT

## A.   COPYRIGHT ACTION DISMISSED AGAINST ALL DEFENDANTS

23.   The Honorable Court's Order of Dismissal clearly dictates the two conditions that must be met in order for the action to be reinstated.

24.   First, the motion for reinstatement must be filed within ninety (90) days of the Order of Dismissal.  *See* D.E. 127.

25.   Second, that motion must provide "adequate proof that final approval of the settlement could not be obtained from the respective principals for whom counsel act." *See* D.E. 127.

26.   While the Plaintiff may or may not have timely satisfied the first requirement, the second condition has not been met.

27.   In fact, there is indisputable evidence that "final approval of the settlement" was obtained from all parties.

28.   The Settlement Agreement was "Understood and Agreed" to as follows:

   a. by David Cox for Plaintiff Design LLC d/b/a Design DCA on or around March 20, 2019;

   b. by Defendants Bellavida Custom Homes, LLC d/b/a Bella Vida Custom Homes and Homero Rodriguez on or around April 4, 2019;

   c. by Defendants Wiseman Builders LLC and Rob Wiseman on or around March 25, 2019;  and

   d. by Defendant Ibrahim Abdel-Latif on or around March 19, 2019.

29. That consists of all the parties (i.e. principals) in this action.

30. Accordingly, pursuant to the Honorable Court's Order of Dismissal dated February 20, 2019, the action against the defendants has been dismissed on the merits. *See* D.E. 127. Further, pursuant to the Honorable Court's Order, there is no room to reinstate the action. *Id*. Thus, the Honorable Court should deny Plaintiff's Motion.

**B.  BREACH OF CONTRACT CLAIM IS FOR STATE COURT**

31. The Plaintiff's complaint as to the Wiseman Defendants' alleged breach of the Settlement Agreement, a freely and voluntarily executed instrument, makes the controversy between the parties not one of a federal question but rather one better suited for a state court given that breach of contract actions are creatures of state law.

32. As the Plaintiff failed to meet all the prerequisites for reinstating the copyright claims against the Defendants, the Honorable Court does not have subject matter jurisdiction pursuant to Federal Question Jurisdiction over the Plaintiff's new breach of contract claims. *See* D.E. 127 and Supra. Moreover, there is no complete diversity of citizenship between the parties. *See* Supra. Accordingly, the Motion's prayer seeking the "enforcement of the settlement agreement" [D.E. 128, Pg. 1 ¶ 1] is more appropriately through a state court action.

33. Even if the Plaintiff is allowed to pursue the "enforcement of the settlement agreement" in this Court, Defendant Abdel-Latif should not be made a party in such an action as even the Plaintiff has judicially admitted "Wiseman [i.e. **not** Defendant Abdel-Latif] breached the contract when it failed to make a settlement payment by April 12, 2019." *See* D.E. 128, Pg. 2. Defendant Abdel-Latif has not been alleged to be in breach of the Settlement Agreement.

## V. CONCLUSION AND PRAYER

34. The Honorable Court should deny the Plaintiff's Motion for Reinstatement or, Alternatively for Enforcement of the Settlement Agreement for two primary reasons. First, the Order of Dismissal provides that the Plaintiff may only "move for reinstatement… upon presentation of adequate proof that final approval of the settlement could not be obtained" from all of the parties. *See* D.E. 127. Here, there is adequate proof that final approval of the settlement was in fact obtained from all parties, thus the requirements for a reinstatement is not met. Secondly, the Plaintiff's true complaint is over the Wiseman Defendants' alleged breach of the Settlement Agreement. As such, it is a state law cause of action for which this Honorable Court lacks subject matter jurisdiction. Accordingly, a state court that would be the appropriate venue to bring the breach of contract claim.

WHEREFORE, PREMISES CONSIDERED, Defendant Ibrahim Abdel-Latif respectfully prays that the Honorable Court deny the Plaintiff's Motion for

Reinstatement or, Alternatively, for the Enforcement of the Settlement Agreement [D.E. 128] and enter an order that Plaintiff DCA Design, LLC D/B/A/ Design DCA take nothing, and award Defendant Abdel-Latif any such other relief, in law or in equity, to which the Honorable Court may deem him so entitled.

    Respectfully submitted,
**THE SHARIFF LAW FIRM**

By: _____
M. Obaid Shariff
Texas Bar No.: 24091135
4734 West Alabama St., Suite 201
Houston, Texas 77027
Phone: (713) 244-8392
Fax: (713) 244-8372
mshariff@sharifflawfirm.com

**ATTORNEY FOR DEFENDANT
IBRAHIM ABDEL-LATIF**

**CERTIFICATE OF SERVICE**

    I, M. Obaid Shariff, hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record via the Court's ECF filing system on June 10, 2019.

                                                                _____
                                                                 M. Obaid Shariff